IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEX MARCANO GARCIA,  *
                     *
    Plaintiff        *
                     *
vs.                  *      CIVIL NO. 98-1804 (JP)
                     *
ZOE LABOY ALVARADO, et al., *
                     *
    Defendants       *
                     *

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the Motion to Dismiss and Brief in Support Thereof, and supplemental exhibits, filed by co-defendant Rosanic Delgado Sevilla, Penal Social Services officer at "Anexo 292" in Bayamón, Puerto Rico, in her personal capacity (**docket Nos. 20, 35**). Also before the Court is the Motion to Dismiss and Brief in Support Thereof submitted by co-defendant Félix Rodríguez Mateo, Warden of "Anexo 292," in his official capacity (**docket No. 26**).

On July 14, 1998, Plaintiff Alex Marcano García, an inmate at Ponce Maximum Security Institution, filed a pro se complaint against Zoe Laboy González, the Administrator of Corrections, Félix Rodríguez Mateo, and Rosanic Delgado Sevilla pursuant to 42 U.S.C. § 1983. On September 10, 1998, the Court granted Plaintiff's petition to proceed in forma pauperis (docket No. 5). Plaintiff's claims against co-defendant Zoe Laboy González were dismissed by the Court on September 30, 1998, for failure to allege an adequate basis for supervisory liability (docket Nos. 6, 7).

CIVIL NO. 98-1804 (JP)                    2

Plaintiff sets forth various allegations involving abuse and mistreatment that occurred when he was incarcerated at "Anexo 292." First, Plaintiff alleges that Víctor López,[1] the facility postal officer, did not allow him to receive express mail packages because López claimed they were not permitted, and then did not return these packages to the senders.  Second, Plaintiff claims that corrections officers took his personal belongings without providing him a receipt, thus preventing his family members from retrieving these items.

Third, Plaintiff asserts that he has been mistreated by corrections officers at "Anexo 292," including Samuel Ortiz.[2] Plaintiff alleges that co-defendant Rodríguez had knowledge of and permitted corrections officers to wash Plaintiffs mouth out with toilet water and to beat him on several occasions.  Plaintiff claims that as a result of one beating, he suffered a broken rib and was denied medical treatment.  In addition, the officers allegedly told Plaintiff that they would not allow him to see his wife and family if he complained and/or requested a doctor.

At "Anexo 292," Plaintiff alleges that he filed 14 grievances about the events discussed above.  The contents of the grievances, however, now before the Court, demonstrate that the only incident for

---

[1] Víctor López is not named as a defendant.

[2] Samuel Ortiz is also not named as a defendant.

CIVIL NO. 98-1804 (JP)                3

which Plaintiff filed an internal grievance was for a beating resulting in a broken rib. Plaintiff also claims that he is now taking medication for his emotional distress as a result of the beatings he experienced at "Anexo 292." However, it is uncontested that Plaintiff suffers from chronic schizophrenia and takes medication for that purpose. Plaintiff asks the Court to return his privileges as well as to compensate him for the emotional and physical harms he and his family have experienced. He asks for damages in the amount of $300,000.00 plus attorneys' fees.

Co-defendant Rodríguez, appearing exclusively in his official capacity, moves to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on the grounds that Plaintiff's cause of action is frivolous or malicious or, in the alternative, because he enjoys Eleventh Amendment immunity as a state official sued in his official capacity. Because Rodríguez has been sued in his personal capacity, not official capacity, the motion filed in his official capacity is hereby **MOOT**. After Rodríguez was erroneously served in his official capacity, the Court ordered service on Rodríguez in his personal capacity on January 22, 1999. Such service was effectuated on February 5, 1999 (docket No. 21). Because Rodríguez has not appeared in this action in his personal capacity, the Court hereby **ORDERS** Rodríguez, on or before **April 28, 2000**, to show cause as to why

AO 72A
(Rev.8/82)

CIVIL NO. 98-1804 (JP)                    4

default should not be entered against him and to proffer an Answer or other responsive pleading.

Co-defendant Delgado, on the other hand, moves for dismissal on the grounds that the Complaint fails to allege a supervisor-subordinate relationship between Delgado and custody officer López. Delgado also joins in the motion filed by co-defendant Rodríguez. For the reasons stated herein, the Court finds that the allegations against Delgado are subject to dismissal.

## II. LEGAL STANDARD

Delgado filed a motion to dismiss under Rule 12(b)(6), but submitted with her motion several exhibits, including a job description of her position as Penal Social Services Technician III and a sworn affidavit. By joining Rodríguez's motion, Delgado also brings before the Court exhibits containing the internal grievances referenced by Plaintiff in his Complaint. Consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the complaint, documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken. See <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991); James W. Moore, 2 Moore's Federal Practice § 12.34[2] (3d ed. 1998). When matters outside the pleading are presented with a motion to dismiss under Rule 12(b)(6), the Court

CIVIL NO. 98-1804 (JP)                5

may either exclude those matters or treat the motion as one for summary judgment under Rule 56.  <u>See</u> Fed R. Civ. P. 12(b).

The internal grievance complaints incorporated by reference into Plaintiff's Complaint may be considered by the Court in a Rule 12(b)(6) motion.  To consider the other exhibits, however, the Court must convert Delgado's motion into one for summary judgment.  The Court has decided to treat Delgado's motion as one for summary judgment so that these exhibits may be taken into consideration.

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Pagano v. Frank</u>, 983 F.2d 343, 347 (1st Cir. 1993); <u>Lipsett v. University of Puerto Rico</u>, 864 F.2d 881, 894 (1st Cir. 1988).  Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  A fact is material if, based on the substantive law at issue, it might affect the outcome of the case.  <u>Id.</u> at 248; <u>Mack v. Great Atl. & Pac. Tea Co., Inc.</u>, 871 F.2d 179, 181 (1st Cir. 1989).  A material issue is "genuine" if there is sufficient evidence to permit a

CIVIL NO. 98-1804 (JP)                    6

reasonable trier of fact to resolve the issue in the non-moving party's favor. See Anderson, 477 U.S. at 248; Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1983).

**III. RESPONDEAT SUPERIOR LIABILITY**

In order to state a claim under section 1983, "a plaintiff must show both the existence of a federal constitutional or statutory right, and a deprivation of that right by a person acting under color of state law." Rockwell v. Cape Cod Hospital, 26 F.3d 254, 256 (1st Cir. 1994) (citing Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993)). Liability under section 1983 is not imposed under the traditional standards of respondeat superior. See Hegarty v. Somerset County, 53 F.3d 1367, 1379 (1st Cir. 1995) ("Under 42 U.S.C. § 1983, supervisory law enforcement officers incur no respondeat superior liability for the actions of their subordinates."). A supervisor may be held liable for the actions of his or her subordinates only where two factors are present: (1) the behavior of the subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was "affirmatively linked" to the behavior in the sense that it could be characterized as "supervisory encouragement, condonation or acquiescence" or "gross negligence amounting to deliberate indifference." Hegarty, 53 F.3d at 1379-80 (quoting Lipsett, 864 F.2d at 902-03). "The 'affirmative link' requirement contemplates proof that the supervisor's conduct led inexorably to

CIVIL NO. 98-1804 (JP)             7

the constitutional violation." Id. at 1380 (citing Febus-Rodríguez v. Bentancourt-Lebrón, 14 F.3d 87, 92 (1st Cir. 1994)). No liability attaches under section 1983 where no supervisor-subordinate relationship exists between a party named in the Complaint and the state officers alleged to have committed the constitutional deprivation, and where the party is not otherwise alleged to have personally participated in the ostensibly unconstitutional conduct. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999) (citing Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581-82 (1st Cir. 1994)).

Here, the uncontested evidence submitted by co-defendant Delgado demonstrates that no supervisor-subordinate relationship exists between Delgado and the officers alleged to have violated Plaintiff's constitutional rights. Delgado's sworn statement and job description indicate that Delgado possesses no supervisory authority over Víctor López, the facility postal officer who Plaintiff alleges prevented him from receiving postal packages in violation of his First Amendment rights. Nor does Delgado possess supervisory authority over those officials involved in the intake of prisoners' personal property. Because the only constitutional violations that Plaintiff attributes to Delgado in the Complaint relate to these two instances, the allegations against Delgado fail to state a claim under section 1983.

CIVIL NO. 98-1804 (JP)                    8

### IV. CONCLUSION

In view of the foregoing, the Court hereby **GRANTS** co-defendant Rosanic Delgado Sevilla's motion, and **DISMISSES WITH PREJUDICE** the Complaint against her. Further, for the reasons explained above, co-defendant Félix Rodríguez Mateo's motion is **MOOT**, and Rodríguez is ordered to show cause why default should not be entered against him on or before **April 28, 2000** and is further ordered to proffer an answer or other responsive pleading therewith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27 day of March, 2000.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)